IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **TERRY L. SOUDERS,** | : | |
| | : | **Civil Action No. 1:04-CV-335** |
| Plaintiff | : | |
| | : | |
| v. | : | (Judge Kane) |
| | : | |
| **COMMONWEALTH OF** | : | |
| **PENNSYLVANIA, PENNSYLVANIA** | : | |
| **STATE POLICE, STATE TROOPER** | : | |
| **MICHAEL EPPOLITO, c/o** | : | |
| Pennsylvania State Police, | : | |
| **MILLVILLE MUTUAL INSURANCE** | : | |
| **CO., GREG MYERS,** Adjuster, c/o | : | |
| Millville Mutual Insurance Co., **JOHN** | : | |
| **R. BAINBRIDGE, JR.,** c/o Casualty | : | |
| Consultants, Inc., **PHILLIP** | : | |
| **DOUGHERTY,** c/o Albright College, | : | |
| and **ALBRIGHT COLLEGE,** | : | |
| | : | |
| Defendants | : | |

**ORDER**

THE BACKGROUND TO THIS ORDER IS AS FOLLOWS:

Plaintiff initiated this civil action on February 13, 2004, alleging a number of claims against all Defendants for alleged RICO and civil rights violations, as well as various state law torts. Plaintiff's claims arise out of Plaintiff's prosecution for arson following a fire in October 2000 that destroyed Plaintiff's home, and additionally relate to Defendant Millville Mutual Insurance Company's denial of her insurance claim. (Doc. No. 1.) On March 26, 2004, Plaintiff filed an amended complaint against all Defendants. (Doc. No. 3.)

On May 3, 2004, Defendants Commonwealth of Pennsylvania and Millville Mutual Insurance

Company moved to dismiss Plaintiff's amended complaint. (Doc. Nos. 10, 13.) On May 24, 2004, Defendants Albright College, Professor Phillip Dougherty, and John Bainbridge also moved to dismiss the amended complaint. (Doc. Nos. 15, 17.) By Order dated July 8, 2004, the Court dismissed with prejudice Plaintiff's claims against the Commonwealth of Pennsylvania and the Pennsylvania State Police. (Doc. No. 22.) Plaintiff failed to file a timely brief in opposition to the private Defendants' motions to dismiss, and on July 19, 2004, the Court ordered Plaintiff to show cause within ten days why the motions should not be deemed unopposed. (Doc. No. 24.) On July 22, 2004, the Court convened a case management conference with all parties to the action and, pursuant to an oral request from Plaintiff's counsel, the Court ordered Plaintiff to respond to the pending motions to dismiss by August 2, 2004. (Doc. No. 26.) On August 2, 2004, Plaintiff filed briefs opposing the motions. (Doc. Nos. 32, 33.)

By Order dated March 31, 2005, this Court granted in part and denied in part the private Defendants motions to dismiss. Specifically, the Court dismissed the following claims against all moving Defendants: (1) RICO claims (Count I); (2) civil rights claims (Count II); (3) false arrest (Count III); (4) assault and battery (Count IV); and Plaintiff's claims for punitive damages (Count XI). (Id.) The Court allowed Plaintiff another thirty days to amend the complaint to cure the pleading deficiencies contained in the amended complaint. (Id.)

On April 29, 2005, Plaintiff again amended the complaint against all Defendants, including those Defendants dismissed by this Court's Order of July 8, 2004. (Doc. No. 47.) On May 13, 2005, Pennsylvania State Troopers Michael Eppolito and Sean Flaherty answered the amended complaint. (Doc. No. 48.) On May 18, 2005, Defendants Albright College and Millville Mutual Insurance

Company moved to dismiss all claims contained in the amended complaint. (Doc. No. 51, 53.) On May 27, 2005, Plaintiff requested an extension of time to respond to the pending motions to dismiss. (Doc. No. 55.) Plaintiff's reason for seeking an additional extension of time was to gather additional discovery to support her claims against the moving Defendants. (Id.) Notwithstanding this dubious basis for requesting additional time to respond to a motion to dismiss, the Court allowed Plaintiff until July 21, 2005 to respond to the motions.

On August 2, 2005, Plaintiff, without seeking leave, filed an untimely brief in opposition to Milville Mutual's motion to dismiss. A review of this brief reveals it to be little more than a verbatim recitation of Plaintiff's prior brief in opposition to Milville's earlier motion to dismiss. Those areas of the August 2 brief that are distinct offer nothing material nor sufficiently responsive to Milville's arguments.[1] To date, Plaintiff has not filed a brief in opposition to Albright College's motion to dismiss.

This action has been pending for more than one and one-half years. Plaintiff has amended her complaint twice during this time, and has yet to cure the pleading inadequacies that have been highlighted in the Defendants' various briefs and in this Court's decisions.[2] Furthermore, despite being

---

[1] Once again, Plaintiff contends that, in the event the Court finds her most recent allegations fail to support her claims, she should be granted leave to amend her complaint yet a third time. In other areas, Plaintiff argues that she should be permitted additional discovery to develop facts in support of her claims. The Court finds that Plaintiff has had more than sufficient opportunity to come forward with allegations to support her claims, and finds that further leave to amend is unwarranted. Moreover, the Court disagrees with Plaintiff's assertion that she should be granted discovery in order to cure deficiencies in her factual allegations.

[2] The Court also notes that Plaintiff has paid insufficient attention to this Court's prior Orders. For example, the Court unequivocally dismissed all claims against the Commonwealth of Pennsylvania and the Pennsylvania State Police with prejudice. (Doc. No. 22.) Inexplicably, Plaintiff has once again named these parties as Defendants in the most recent version of the amended complaint. (Doc. No. 47.)

granted a generous extension of nearly one and one-half months to respond to the motions to dismiss, Plaintiff has either not filed a response (in the case of Albright College), or has submitted a substantially untimely response without seeking leave to do so (in the case of Milville Mutual).[3]  In short, this case has seen little to no movement since early 2004 when it was commenced, and the case has done little more than to demand the time and resources of the parties and the Court for no apparent purpose.  The Court will no longer countenance Plaintiff's disregard of this action.  The pending motions to dismiss have been briefed by the moving parties for more than two months and are deemed to be unopposed.  Accordingly, pursuant to Local Rule 7.6, the motions will be granted.  See L.R. 7.6 ("Any respondent who fails to comply with this rule shall be deemed not to oppose such motion").

The Court is mindful that the United States Court of Appeals for the Third Circuit disfavors granting dispositive motions on the basis that they are unopposed, pursuant to a local rule of the Court.[4]  However, the Third Circuit has recognized that there may be cases where such dismissal is in fact appropriate:

> [W]e do not suggest that the district court may never rely on the local
> rule to treat a motion to dismiss as unopposed and subject to a
> dismissal without a merits analysis.  There may be some cases
> where the failure of a party to oppose a motion will indicate that the

---

[3]   Plaintiff's counsel contacted the Court by telephone on Friday, July 29, 2005, but only to request a status conference and to discuss a discovery dispute.  When advised that Plaintiff had not yet responded to the pending motions, counsel professed to be unaware of which motions awaited a response.  Moreover, at least one of the purposes for Plaintiff's contacting the Court was for assistance in scheduling the deposition of the Commonwealth, which Plaintiff again named as a Defendant.  As noted, the Commonwealth was dismissed from this action with prejudice more than one year ago. (Doc. No. 22.)

[4]   See, e.g., Anchorage Assocs. v. Virgin Islands Bd. of Tax Review, 922 F.2d 168 (3d Cir. 1990).

> motion is in fact not opposed, particularly if the party is represented by an attorney and in that situation the rule may be appropriately invoked. Nor do we suggest that if a party fails to comply with the rule after a specific direction to comply from the court, the rule cannot be invoked.

Stackhouse v. Mazurkiewicz, 951 F.2d 29 (3d Cir. 1991).

The Court finds that this case meets the exception contemplated in Stackhouse. This is not a case of an uncounseled litigant struggling to comply with difficult or nuanced procedural rules. Rather, this is a civil action in which the Plaintiff has been represented by counsel from the outset, having filed three separate complaints in the span of fourteen months, and having responded to numerous dispositive motions during the same time, as well as having sought extensions of time to respond to the various motions to dismiss that have been filed throughout this case. It was Plaintiff's counsel who sought the latest extension of time to respond to the pending motions to dismiss, and was granted nearly two months in which to do so, notwithstanding the questionable basis for the request. Without explanation, Plaintiff has either failed to squarely address Defendant's arguments (in the case of her untimely response to Millville Mutual's motion), or has simply failed to respond at all (in the case of Albright College). In light of the protracted procedural posture of this case, and Plaintiff's unexcused failure to respond timely or adequately to the most recent motions to dismiss, the Court finds that it is now appropriate to consider the pending motions as unopposed, without analyzing the

merits.[5]

Accordingly, this 12th day of August 2005, **IT IS HEREBY ORDERED THAT** the motions to dismiss filed by Defendant Albright College (Doc. No. 51) and Defendant Millville Mutual Insurance Company (Doc. No. 53) are **GRANTED**.  Accordingly, the amended complaint is **DISMISSED** in its entirety as to Albright College.  Albright College is hereby dismissed from this action.

**IT IS FURTHER ORDERED THAT** the following claims are **DISMISSED** with respect to Millville Mutual Insurance Company:

1. Count I (RICO);

2. Count II (Civil Rights);

3. Count III (false arrest);

---

[5] Notwithstanding the Court's conclusion that it is now appropriate to consider the pending motions to be unopposed, the Court has considered the merits of Millville Mutual's motion to dismiss, together with Plaintiff's untimely response, and finds that Millville Mutual's motion to dismiss is well taken.  As to Count I of the amended complaint (RICO), Plaintiff has simply failed to allege facts sufficient to support this claim against Millville Mutual.  In Count II (civil rights), Plaintiff has failed even to allege that Millville Mutual is a state actor for purposes of 42 U.S.C. § 1983, and Plaintiff's generalized allegations of civil rights violations against a private insurance company must be dismissed for this reason alone.  With respect to Count III (false arrest), Plaintiff has agreed to drop this claim. (Doc. No. 63, at 11.)  With respect to Count VI (negligent infliction of emotional distress), Millville Mutual has not moved the Court to dismiss this claim, and it will therefore survive along with the other state law claims that Millville Mutual has not challenged.  In Count VIII (breach of contract), Plaintiff requests punitive damages.  However, it is settled law in Pennsylvania that punitive damages are unavailable in a claim for breach of contract.  Johnson v. Hyundai Motor America, 698 A.2d 631, 639 (Pa. Super. Ct. 1997).  Plaintiff argues that she is entitled to claim punitive damages because she has brought a bad faith claim against Millville Mutual in Count IX.  The Court agrees, but this assertion is irrelevant, because Millville Mutual has not moved to dismiss the bad faith claim.  In short, Plaintiff is not entitled to claim punitive damages for her separate breach of contract claim, but her claim for punitive damages in connection with her bad faith claim is permissible.  Finally, Plaintiff concedes that Count XI (punitive damages) should be dismissed because punitive damages are a remedy and not a separate cause of action.  (Doc. No. 63, at 12.)

4. Plaintiff's claim for punitive damages contained in Count VIII is **DISMISSED**, but Plaintiff's underlying claim for breach of contract is not dismissed; and

5. Count XI (punitive damages).

Plaintiff's remaining state law claims against Millville Mutual are unaffected by this Order.


    S/ Yvette Kane
Yvette Kane
United States District Judge